OKLAHOMA MILITARY ACADEMY AND CLAREMORE JUNIOR COLLEGE — BOND ISSUES Pursuant to 70 O.S. 1551 [70-1551] to 1581.11, and the covenants and agreements entered into in the 1959 and 1963 $400,000.00 revenue bond issues of Oklahoma Military Academy, the Board of Regents of Claremore Junior College is authorized and required, where other pledged revenues are not adequate, to levy fees on all students in attendance at the College sufficient, together with other pledged revenues, to meet the principal and interest payments on said bonded indebtedness. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions 1. Since the functions of Oklahoma Military Academy were changed in 1971 to that of a comprehensive co-educational junior college and approximately only 13 percent of the students who attend Claremore Junior College live in college housing, can a fee be charged to all enrolled students to help pay the bonded indebtedness of 1959 and 1963 bond issues for the construction of academy housing to house cadets 2. If the answer to the above question is yes, are we compelled to charge such a fee? Since statutes or constitutional provisions under which public building bonds are issued constitute a contract with the bondholders, Weiss v. Commissioners of Land Office,182 Okl. 39, 75 P.2d 1142 (1938), we must look to those provisions to determine the authority of the Board of Regents of Oklahoma Military Academy to charge and collect student fees for the retirement of bonded indebtedness. The provisions relating to the Oklahoma Military Academy at the time the aforementioned bonds were issued were found in 70 O.S. 1551 [70-1551] to 1581.11. Section 1581.1 specified the authority of the Board of Regents to levy fees and stated in pertinent part: "When, in the opinion of the Board of Regents of any such institution, any of the buildings, structures, plants and systems constructed, acquired, improved, extended, added to, furnished or equipped as above authorized are deemed necessary by the said Board for the comfort, convenience and welfare of the student body as a whole, or for any specified class or part thereof, the Board of Regents shall have authority to charge and collect from all students in attendance at such college, school or institution, or from any specified class or part thereof for which such facilities are so deemed necessary, fees and charges for the use or availability of such buildings and structures and for the services or commodities to be made available by such plants, systems or facilities. The proceeds of all such fees and charges shall be considered as revenues within the meaning of Section 3 hereof and the provisions of said section shall be applicable thereto. . . ." (Emphasis added) Section 70 O.S. 1581.3 [70-1581.3] set forth the covenants that the Board of Regents could utilize to secure payment of principal and interest on the bonds, subdivision (f) of said section authorizing the Board of Regents to covenant: "To fix rents, charges and fees to be imposed in connection with and for the use of the building and the facilities supplied thereby, which rents, charges and fees shall be considered to be income and revenues derived from the operation of the building, and are hereby expressly required to be fully sufficient to assure the prompt payment of principal and interest on the bonds as each become due, and to make and enforce such rules and regulations with reference to the use of the building, and with reference to requiring any class or classes of students to use the building as it may deem desirable for the welfare of the institution and its students or for the accomplishment of the purposes of this Act;" (Emphasis added) Title 70 O.S. 1577 [70-1577] (1961), also made provision for the levying of student fees by the Board of Regents and provided: "The Board of Regents is empowered and authorized to prescribe such rules and regulations for the conduct, management and care of the buildings constructed and equipped as provided herein, and all other buildings of the Oklahoma Military Academy, and shall provide for such necessary charges and fees to be paid by the students attending said Academy as will be necessary to provide a sufficient sinking fund for the payment of the interest and principal and for the up-keep and maintenance of said buildings; and such sums so collected shall be deposited in the State Treasury to the credit of a fund to be maintained and designated in the Treasury as the 'Oklahoma Military Academy Building Sinking Fund' as herein provided and said sinking fund is hereby irrevocably pledged to the payment of the interest and principal of said bonds." (Emphasis added) Pursuant to these authorities, the Board of Regents in 1959 issued bonds in the amount of $400,000.00 for the purpose of "paying the cost of constructing a dormitory and to make improvements on the Auditorium and Recreational Center, Administrative Building, and Laundry and Cleaning Shop." In the bond indenture the Board of Regents expressly covenanted and agreed: "(a) That adequate and reasonable rentals will be charged all students occupying quarters in the Dormitory. "(b) That adequate and reasonable charges will be made for use of the Laundry and Cleaning Shop facilities. "(c) That a Student Union Fee will be charged and collected from every student in attendance at Oklahoma Military Academy at the regular and summer sessions for the availability of the services and facilities to be afforded by the Student Union Building in such an amount per student as will make the proceeds thereof fully sufficient to carry out all the requirements of this Resolution. "(d) Charges and fees will be collected from every student in attendance at Oklahoma Military Academy as provided in the Resolution of the Board of Regents of Oklahoma Military Academy enacted October 9, 1935, providing for the issuance of the 1935 Bonds. Such student charges and fees to be available to meet all requirements of this Resolution after first taking care of annual upkeep and maintenance and annual debt service charges of outstanding Building Bonds dated October 15, 1935. After such 1935 Bonds and interest thereon are paid in full or there is on deposit in the Bond Fund for them money fully sufficient to pay all principal and interest due thereon, then such student fees shall be charged and collected in such an amount per student as will make the proceeds thereof fully sufficient with the revenue set out in paragraphs (a), (b) and (c) of this Section to carry out all the requirements of this Resolution. "(e) Adequate and reasonable rentals will be charged all students and administrative personnel occupying barracks constructed from the proceeds of the sale of the Building Bonds, Series A, of said Oklahoma Military Academy dated April 15, 1952 and authorized to be issued by Resolution of the Board of Regents of Oklahoma Military Academy enacted March 8, 1952. After such 1952 Building Bonds, Series A, and interest thereon are paid in full, or there is on deposit in the Bond Fund for them money (or United States Government Bonds maturing on or prior to dates of maturities of said bonds) then such revenues from said Barracks shall be pledged to the payment of the System Bonds and interest thereon and to meet all requirements of this Resolution, after first taking care of operation and maintenance expenses of said Barracks. "The Board of Regents covenants and agrees that the fees and charges imposed for the use of the System, including the aforesaid student fees, shall at all times be maintained in such amounts that the revenues derived therefrom will be sufficient to pay all expenses of maintenance and operation as above provided and make possible the prompt payment of all amounts hereinabove required to be paid into the System Bond Fund." The 1963 bonds in the amount of $400,000.00 were issued for the "comprehensive purposes of making additions, improvements and extensions to the building system of the Oklahoma Military Academy." The Board of Regents adopted all of the covenants and agreements utilized in the 1959 bond issue. The authority of institutional Regents to impose and collect fees from enrolled students to produce funds as necessary to pay bonded indebtedness was raised in Attorney General Opinion 71-331. The same provisions contained in 70 O.S. 1581.1 [70-1581.1] and 1581.3 are found in 70 O.S. 4001 [70-4001](b) and 70 O.S. 4004 [70-4004](a)(b) (1971), in particular the language relating to the imposition of fees "for the use or availability of such buildings and structures" and "for the use of the building and facilities". In construing 70 O.S. 4001 [70-4001](b) and 70 O.S. 4004 [70-4004](a)(b), the Attorney General held: "This power to fix student fees extends in our opinion to buildings and facilities which are necessary for the comfort, convenience and welfare of the student body as a whole. The finding by the institutional Regents of the necessity of the building or facility to the student body as a whole must be made with regard to the usefulness of the building or facility to the student body as a whole. . . ." You state that the 1959 and 1963 bonds were issued for the construction of academy housing to house cadets. When the bonds were issued the academy housing was used by all the cadets, that being a requirement of enrollment; however, it is questionable whether the facilities are necessary for the comfort, convenience and welfare of the currently enrolled students so as to meet the test laid down in Attorney General Opinion 71-331. That opinion, however, would not be controlling in regard to the 1959 and 1963 bond issues. Besides operating pursuant to 70 O.S. 1581.1 [70-1581.1] and 1581.3, the Board of Regents of Oklahoma Military Academy were authorized under 70 O.S. 1577 [70-1577] to levy fees "to be paid by the students attending said Academy as will be necessary to provide a sufficient sinking fund for the payment of the interest and principal and for the upkeep and maintenance of said buildings; . . ." Not being restricted to levying fees for the use of the building and facilities or for the use or availability of such building or structure, it is not necessary that the fees be related to buildings which are necessary for the comfort, convenience and welfare of the student body as a whole. It is apparent that 70 O.S. 1577 [70-1577] (1971), authorized the levying of a fee on all students in attendance at the Academy for the purpose of retiring the bonded indebtedness created from the issuance of the 1959 and 1963 bond issues. Pursuant to that authority the Board of Regents contracted with the bond holders by way of the covenants and agreements entered into in the bond indentures to levy fees upon all students in attendance at the academy sufficient, together with other revenue proceeds from the operation of the academy, to pay the principal and interest due on the bonds. In addition 70 O.S. 1581.7 [70-1581.7] (1961) provides: "All bonds issued hereunder shall have on the backs thereof the certificate required by Article X, Section 29 of Article X of the Constitution of Oklahoma. Such bonds shall be submitted to the Attorney General of Oklahoma for his examination and when such bonds have been examined and certified as legal obligations by the Attorney General in accordance with such requirements as he may make, shall be incontestable in any court in the State of Oklahoma unless suit thereon shall be brought in a court having jurisdiction thereof within thirty (30) days from the date of such approval. Bonds so approved by the Attorney General shall be prima facie valid and binding obligations according to their terms, and the only defense which may be offered thereto in any suit instituted after such thirty (30) day period shall have expired shall be forgery, fraud or violation of the Constitution." Since the bonds were so approved and the thirty day period has expired, the terms of the bonds are prima facie valid and binding obligations absent a finding of forgery, fraud or violation of the Constitution. There being no showing that any of these contingencies exist, the bonds and the covenants and agreements entered into thereunder are deemed to be legal and binding obligations of the Board of Regents of Oklahoma Military Academy. While the change from Oklahoma Military Academy to Claremore Junior College was not contemplated when the bonds were issued, the Legislature recognized such a possibility when they provided in 70 O.S. 1961 1581.3 [70-1581.3] that: "All such agreements and covenants entered into by the Board shall be binding in all respects upon the Board and its officials, agents and employees, and upon its successors, and all such agreements and covenants shall be enforceable by appropriate action or suit at law or in equity, which may be brought by any holder or holders of bonds issued hereunder." The bond holders can, therefore, look to the successor entity, Claremore Junior College Board of Regents, regarding the covenants and agreements entered into under the bond issues. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Pursuant to 70 O.S. 1551 [70-1551] to 1581.11 (1961), and the covenants and agreements entered into in the 1959 and 1963 $400,000.00 revenue bond issues of Oklahoma Military Academy, the Board of Regents of Claremore Junior College is authorized and required, where other pledged revenues are not adequate, to levy fees on all students in attendance at the College sufficient, together with other pledged revenues, to meet the principal and interest payments on said bonded indebtedness. (Mike D. Martin)